**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

November 6, 2020

LETTER TO COUNSEL and PLAINTIFF:

    RE:   *Hong Tang v. Kurt L. Schmoke, et al.*
            Civil No. SAG-19-2965

Dear Counsel and Mr. Tang:

    Plaintiff filed a Motion to Reconsider this Court's Memorandum Opinion and Order of July 27, 2020. ECF 24. Rule 59(e) allows for alteration or amendment to a court's ruling in three situations: (1) to accommodate an intervening change of law; (2) to account for new evidence, or (3) to correct a clear error of law or prevent manifest injustice. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Plaintiff's Motion has not identified any intervening change of law or new evidence. Furthermore, the Motion does not explain how this Court's opinion granting Defendants' Motion to Dismiss, ECF 22-1, constitutes clear error or causes manifest injustice. Instead, he reiterates many of the same arguments the Court already considered and rejected in granting the Motion to Dismiss.

    Specifically, Plaintiff lays out the same equitable tolling argument he made in his Response to Defendants' Motion to Dismiss, ECF 14, alleging that the Court "overlooked" alleged binding legal authorities that he says save his claim via the application of federal tolling rules rather than state ones. ECF 24 at 2-5. Plaintiff acknowledges, as he must, that application of state tolling rules in § 1983 actions is the general rule. *Wallace v. Kato*, 549 U.S. 384, 394 (2007). He then repeats his prior argument that an exception to this general rule applies here, arising from 42 U.S.C. § 1988, which allows for application of state law to supplement civil rights statutes so long as "[the state law] is not inconsistent with the Constitution and laws of the United States." *See also Hardin v. Straub*, 490 U.S. 536, 538 (1989). To this end, Mr. Tang once again argues that applying Maryland's tolling rule here would violate § 1988, because it would contravene the Fourth Circuit's decision in *Tang v. Baltimore*, 782 F. App'x 254 (4th Cir. 2019) ("*Tang I*"), which he suggests reserved his right to maintain a second action.

    The entirety of the above reasoning, along with Mr. Tang's arguments regarding § 1983's statutory purposes and the inequities that would allegedly arise from dismissal, has already been considered and rejected by this Court. This Court explained that "the Fourth Circuit [in *Tang I*] . . . did not address statute of limitations, nor did it refer to equitable tolling in any manner." ECF 22-1 at 8. Thus, application of the Maryland tolling rules would not contravene the Fourth Circuit's ruling or, therefore, 42 U.S.C. § 1988 and *Hardin*. The mere fact that the Fourth Circuit chose to alter the lower court's decision to be a dismissal without prejudice, signaling that the jurisdictional defect in Mr. Tang's original case could be cured via amendment, does not have any bearing on the question of temporal limitations on any subsequent filing. Put differently, the

*Hong Tang v. Kurt L. Schmoke, et al.*
Civil No. SAG-19-2965
November 5, 2020
Page 2

Fourth Circuit decided that the *specific jurisdictional defect* considered in *Tang I* should not foreclose Mr. Tang from amending his claims, but there is no evidence that it contemplated or sought to forestall any *other* defects or limitations that might get in the way of Mr. Tang's ability to cure the original *Tang I* defect. Thus, there is nothing here to overcome the baseline rule that state limitations and tolling rules apply in § 1983 cases. The § 1988 exception outlined in *Hardin*, upon which Plaintiff so heavily relies, does not apply.

Plaintiff makes a number of additional points arguing against application of the Maryland limitations and tolling rules, each of which falls short. He argues, for example, that since jurisdiction in this case is grounded in a federal question, state limitations rules should not apply. ECF 24 at 4. Yet, as this Court already noted in granting dismissal, the Fourth Circuit has explicitly said that state statute of limitations cases can apply in both federal question and diversity cases: "in any case in which a state statute of limitations applies—whether because it is 'borrowed' in a federal question action or because it applies under Erie in a diversity action—the state's accompanying rule regarding equitable tolling should also apply." *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999). Plaintiff's citation to *Atkins v. Schmutz Mfg. Co.*, 435 F.2d 527 (4th Cir. 1970) (en banc), is inapposite, as *Wade* explicitly explains why *Atkins* was inapplicable in light of various Supreme Court decisions during the intervening thirty years between the two decisions. *Wade*, 182 F.3d at 290.

Mr. Tang's arguments regarding res judicata and the applicability of a Maryland "saving statute" also fall short, as neither are implicated by the procedural posture of this case. Nor is any continuing violation plausibly alleged here. Mr. Tang references "continued aggressive[] harass[ment]" following the school's denial of his academic appeal on July 22, 2015, but there are no allegations to this end in his Complaint, ECF 1, or even the Complaint in *Tang I*, *Tang v. Univ. of Balt.*, Civil No. 18-2200-JKB, ECF 8. Denying deferral or re-admission, the examples cited by Mr. Tang, cannot constitute "continued harassment" by any definition of the phrase. What is more, Mr. Tang's own allegations frame these denials as a "direct result" of the disciplinary proceeding, *id.* ¶¶ 36-38—suggesting that such harms are ill effects from the original violation, rather than continued unlawful acts in their own right. *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 ("A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.") (internal quotation marks omitted).[1]

---

[1] Plaintiff spends significant time in his motion addressing the numerous other alternative grounds upon which this Court based its dismissal. Once again, these arguments merely reiterate arguments he made in his Response, and that this Court addressed at length in its opinion. Moreover, none of these alternative grounds need to be reached in the first place given the fundamental limitations pitfall his Complaint faces.

*Hong Tang v. Kurt L. Schmoke, et al.*
Civil No. SAG-19-2965
November 5, 2020
Page 3


Thus, for all of the reasons set forth above, Plaintiff's reiterated arguments remain unpersuasive. Plaintiff's Motion to Reconsider, ECF 24, is DENIED. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.


        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States District Judge