# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

March 3, 2021

LETTER TO COUNSEL and PLAINTIFF:

RE:     *Hong Tang v. Kurt L. Schmoke, et al.*
        Civil No. SAG-19-2965

Dear Counsel and Mr. Tang:

Plaintiff filed a Motion for Relief ("the Motion") on January 22, 2021, pursuant to Fed. R. Civ. P. 60(b)(1), arguing that the Court made a "judicial error of law" in dismissing his claims and denying reconsideration of that dismissal. ECF 32. As brief procedural background, the Court initially dismissed his case with prejudice on the grounds that it is time-barred, fails to state a claim for which relief can be granted, and is barred by qualified immunity. ECF 23. The Court then denied Plaintiff's motion to reconsider its dismissal of his case. ECF 28. Plaintiff appealed the Court's orders dismissing his complaint and denying his motion for reconsideration, and that appeal is currently pending in the United States Court of Appeals for the Fourth Circuit, Case No. 20-2308.

Despite the fact that an appeal is currently pending in this case, "[t]he Court retains limited jurisdiction to consider a motion for relief under Rule 60(b). . . ." *Kravitz v. U.S. Dep't of Commerce*, 382 F. Supp. 3d 393, 397 (D. Md. 2019) (citing *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999)). "To support a motion for relief from an Order under Rule 60(b), the moving party must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Ericksen v. Kaplan Higher Educ.*, LLC, No. RDB-14-3106, 2016 WL 7377154, at *1 (D. Md. Dec. 20, 2016) (quoting *Hale v. Belton Ass'n, Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009)).

The first question is timeliness. Rule 60(b)(1) motions must generally be filed within one year of the entry of the judgment or order at issue. *See* Fed. R. Civ. P. 60(c)(1). In this District, however, "Rule 60(b)(1) motions based upon legal error must generally be filed within the time for filing an appeal unless the change in law occurs after the filing of a timely notice of appeal," so as to avoid conflict between Rule 60(b)(1) and Federal Rule of Appellate Procedure 4(a). *Mizrach v. United States*, Civ. No. WDQ-11-1153, 2015 WL 7012658, at *4 (D. Md. Nov. 12, 2015) (citing *Lepore v. Ramsey*, 149 F.R.D. 90, 91-92 (D. Md. 1993)). Here, the Court denied Plaintiff's Motion for Reconsideration on November 6, 2020, ECF 28, and he filed the instant Motion on January 1, 2021, ECF 32. Thus, while Plaintiff satisfies the general 60(c)(1) timeline, he is outside the thirty-day window to appeal delineated in *Mizrach*. Because that window elapsed on December 7, 2020, the Motion must be dismissed on timeliness grounds.

*Hong Tang v. Kurt L. Schmoke, et al.*
Civil No. SAG-19-2965
March 3, 2021
Page 2

Plaintiff asserts that *Mizrach* and its thirty-day window are inapplicable because the relief he requests is "for correcting the court's mistake" and Rule 60(b)(1) "is not limited to the situation of the change in law occurring after the entry of a judgment. . . ." ECF 34 at 2. He explains at length that his Motion arises out of Rule 60(b)(1), not Rule 60(b)(6). ECF 34 2-5. Those arguments misunderstand *Mizrach*. *Mizrach*'s assessment of the Rule 60(b) timing standard and its conclusion that Rule 60(b) motions based on legal error must be filed within the time for filing an appeal did not turn on whether the 60(b) motion was brought under subsection 60(b)(1) or 60(b)(6). Instead, *Mizrach*'s reasoning centered on the importance of ensuring finality in judgments and maintaining consistency between Rule 60(b) and the Federal Rules of Appellate Procedure. Plaintiff fails to explain why those considerations should be ignored here.[1]

Even if Plaintiff's Motion were timely, however, it would fail on its merits. The Motion relies on a Maryland saving statute that Plaintiff claims allows his case to proceed despite the fact that it was untimely filed. ECF 32. The language of the saving statute is as follows:

> **After Certain Dismissals by a United States District Court or a Court of Another State.** Except as otherwise provided by statute, if an action is filed in a Unites States District Court or a court of another state within the period of limitation prescribed by Maryland law and that court enters an order of dismissal (1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) because the action is barred by the statute of limitations required to be applied by that court, an action *filed in a circuit court* within 30 days after the entry of the order of dismissal shall be treated as timely filed in this state.

Md. Rules 2-101(b) (italicized emphasis added). The Court has now twice held that the saving statute does not apply, because it only applies to actions "filed in a [Maryland] circuit court" and Plaintiff filed his action in United States District Court. ECF 22-1 at 7; ECF 28 at 2. Plaintiff once again suggests the Court got it wrong, for the first time pointing to the saving statute's legislative history and the fact that, on November 12, 2003, the statute was amended to include the "filed in a circuit court" language where previously it read "filed in this State."[2] ECF 32 at 3-8. The Rules Order accompanying the amendment termed it a "stylistic change," which Plaintiff takes to mean that the Court should ignore the "circuit court" language and simply interpret the statute to apply to any suit filed in Maryland, regardless of the level of state or federal court. *Id.*

---

[1] Plaintiff's repeated reference to Fourth Circuit case law stating that consideration of Rule 60(b) motions is "in aid of the appeal" stands only for the undisputed fact that the Court is not divested of jurisdiction during pendency of said appeal. *See Fobian*, 164 F.3d at 890. That principle provides no guidance on the question of timeliness of Rule 60(b)(1) motions asserting legal error.

[2] The Court notes, too, that a number of courts in this district have held that Rule 60(b) motions are not opportunities for plaintiffs to raise new arguments that were not previously raised below. *See, e.g.*, *Minh Vu Hoang v. Rosen*, No. CIV.A. DKC 12-1393, 2013 WL 6388611, at *2 (D. Md. Dec. 5, 2013); *Johnson v. Montminy*, 289 F.Supp .2d 705, at 705 (D. Md. 2003). This constitutes yet another grounds for denial of the Motion.

*Hong Tang v. Kurt L. Schmoke, et al.*
Civil No. SAG-19-2965
March 3, 2021
Page 3

This argument fails in light of fundamental principles of statutory interpretation. The work of interpreting a statute like § 2-101(b) begins by "determin[ing] whether the language at issue has a plain and unambiguous meaning." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). Where there is no ambiguity in the plain language, the inquiry ends without reference to the legislative history. *Mironescu v. Costner*, 480 F.3d 664, 673 (4th Cir. 2007); *see also United States v. Gonzales*, 520 U.S. 1, 6 (1997). Here, there is no ambiguity as to the meaning of "filed in a circuit court." Circuit courts are the trial courts of general jurisdiction in the state of Maryland. The interpretive inquiry thus ends without reference to Plaintiff's cited legislative history.

In his Reply, Plaintiff also suggests that the Court selectively borrowed Maryland's state limitations and tolling rules and failed to account for the fact that state legislators could not have contemplated the fact that § 2-101(b) would be "borrowed" by federal courts. ECF 34 at 6-8. Yet it is Plaintiff's interpretation that constitutes "selective borrowing," because he seeks to have the Court read § 2-101(b)'s clear, circuit court-specific language out of the statute entirely. Furthermore, he cites no case law for the proposition that the Court must ignore plain and unambiguous limits on the statute's scope simply because the state legislature might not have contemplated federal courts' "borrowing" of the statute.

"Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 WL 1741375, at *2 (D. Md. Apr. 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)). For all of the foregoing reasons, Plaintiff's Motion falls far short of that rigorous standard here. Plaintiff's Motion for Relief, ECF 32, is DENIED.[3] Despite the informal nature of this letter, it should be flagged as an Opinion. A separate Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[3] It is worth pointing out, finally, that this Motion only challenges one portion of the original opinion granting dismissal, ECF 23, and subsequent order denying reconsideration of that dismissal, ECF 28. While the Court did conclude that Plaintiff's claims were barred by the Maryland statute of limitations and that the § 2-101(b) saving statute did not apply, it also provided numerous alternative grounds for dismissal and articulated several substantive deficiencies in his Complaint. Thus, even if Plaintiff prevailed on his argument that the saving statute applies, he has failed to challenge the other portions of the Court's initial decisions.